# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Plaintiff,

v.                                      No. 18-CV-00222-JB-KRS

THOMAS C. HAVEL,

    Defendant.

## ORDER TO CURE DEFICIENCY

THIS MATTER is before the Court on Plaintiff Herbert Manygoat's Petition for Writ of Habeas Corpus, which was docketed as a prisoner rights complaint under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff, who is incarcerated and proceeding pro se, challenges the conditions of his confinement at the San Juan County Detention Center, contending that he was deprived of due process of law during a disciplinary hearing. [Doc. 1 at 2]. Plaintiff seeks an order "dismiss[ing] sanctions" and awarding "compensatory damages." [Doc. 1 at 2].

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . to avoid inappropriately stringent application of formal labeling requirements . . . or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 380 (2003). Although Plaintiff's pleading is titled "Petition for Writ of Habeas Corpus," it does not challenge the validity of his detention or the length of his confinement, but rather challenges the conditions of his confinement. [*See* Doc. 1 at 1]. It is well established that a civil rights action under 42 U.S.C. § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to

the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Furthermore, "[i]n the case of a damages claim, habeas corpus is not an appropriate or available remedy." *Id.* at 494. Because Plaintiff seeks damages for the alleged unconstitutional conditions of his confinement, the Court liberally will construe Plaintiff's Petition for Writ of Habeas Corpus as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "[a] pro se litigant's pleadings are to be construed liberally" and "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so").

The filing fee for a civil rights action is $400 (civil/administrative). Plaintiff has not paid the filing fee or, alternatively, filed an Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915. Plaintiff must cure this deficiency by submitting, within thirty (30) days of the date of entry of this order, either: (1) the $400 filing fee; **or** (2) an Application to Proceed in District Court Without Prepaying Fees or Costs and a certified copy of his inmate account statement for the preceding six-month period pursuant to 28 U.S.C. § 1915(a)(2). Failure to timely cure this deficiency, or to show cause for his failure to do so, may result in the dismissal of Plaintiff's civil rights complaint without prejudice without further notice. Papers filed in response to this order must include the civil action number of this proceeding (No. 18-CV-00222-JB-KRS).

IT IS THEREFORE ORDERED that, within thirty (30) days of the date of entry of this Order, Plaintiff must either: (1) pay the $400 filing fee; or (2) submit an Application to Proceed in District Court Without Prepaying Fees or Costs and a certified copy of his inmate account statement for the preceding six-month period.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff,

together with a copy of this order, a form Application to Proceed in District Court Without Prepaying Fees or Costs, and instructions.

_____

UNITED STATES MAGISTRATE JUDGE