# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

     Plaintiff,

v.                                               No. 18-cv-222 KWR-KRS

THOMAS C HAVEL,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Herbert Manygoat's Petitions for Writ of Habeas Corpus (Docs. 1, 5). Also before the Court is his Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4). Manygoat raises various constitutional claims based on his conditions of confinement at the San Juan County Detention Center (SJCDC). Having reviewed his filings and applicable law, the Court will grant the *in forma pauperis* Motion; dismiss the Petitions; and grant leave to amend.

## BACKGROUND

Manygoat initiated this proceeding using an outdated form habeas corpus petition. (Doc. 1) (Petition). He checked a box indicating he wishes to challenge his conditions of confinement, rather than the legality of his custody. (Doc. 1 at 1). However, the Petition appears to raise civil rights claims under 42 U.S.C. § 1983 and claims under two habeas statutes, 28 U.S.C. §§ 2241 and § 2254. Manygoat also filed a supplement to the Petition, which raises civil rights violations alongside habeas claims. (Doc. 5). From what the Court can discern, it appears Manygoat alleges SJCDC officials:

(a) Failed to follow disciplinary procedures;

(b) Placed Manygoat in lockdown and revoked privileges without due process;

(c) Accused Manygoat of committing lewd acts and disrupting operations, even though he lacks the "physical power for fights;"

(d) Dismissed the disciplinary proceeding, but failed to expunge or remedy any sanctions;

(e) Failed to treat Manygoat's leg pain, which stemmed from fractures in 1995 and 2016;

(f) Discriminated against him based on a physical disability;

(g) Interfered with his "right to use the court system;"

(h) Refused to "duplicate" or notarize legal documents; and

(i) Ignored "vital legal and medical contentions."

(Doc. 1, 5).

Manygoat also challenges a 2016 state restitution judgment under § 2254, but he does not include the case number or any other details. (Doc. 5 at 2). The Petition seeks unspecified money damages under the First, Fifth, Eighth, and Fourteenth amendments. (Doc. 1 at 2). The Court (Hon. Kevin Sweazea) determined that since Manygoat primarily alleged civil rights claims, he must prepay the $400 civil filing fee or file an *in forma pauperis* motion. Manygoat timely filed the Motion, and his financial information reflects he is unable to prepay the filing fee. The Court will therefore grant the Motion (Doc. 4) and screen this case under the *in forma pauperis* statute.

**STANDARDS GOVERNING INITIAL REVIEW**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule

12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter … to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a *pro se* complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson,* 973 F.2d 1518, 1520 (10th Cir. 1992). However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a *pro se* plaintiff must abide by the applicable rules of court. *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories or supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

Manygoat seeks relief using every avenue available to state prisoners. He challenges his conditions of confinement under 42 U.S.C. § 1983; the execution of his sentence under 28 U.S.C. § 2241; and the validity of a state judgment under 28 U.S.C. § 2254. Much of his writing is unintelligible, and it is nearly impossible to discern which allegations are meant to support each claim. The case is a quintessential "kitchen-sink" or "shotgun" filing, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young*

*v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing incoherent pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, the Court will dismiss Manygoat's filings without prejudice for failure to comply with Fed. R. Civ. P. 8(a) and failure to state a cognizable claim under § 1915(e)(2)(B)(ii). He may file a single, legible amended complaint no later than April 28, 2020. The amended complaint should clarify whether Manygoat seeks habeas relief or money damages based on his conditions of confinement. He "must explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Manygoat, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). The failure to timely file a single, amended complaint that complies with Rule 8 and states a cognizable claim under §

1915(e)(2)(B)(ii) will result in dismissal of this case with prejudice.

**IT IS ORDERED** that Manygoat's *in forma pauperis* application (Doc. 4) is **GRANTED**; and the initial partial payment is **WAIVED**.

**IT IS FURTHER ORDERED** that Manygoat's Petitions for Writ of Habeas Corpus (Doc. 1, 5) are **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Manygoat may file a single, legible amended complaint no later than **April 28, 2020.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE