IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

   Plaintiff,

v.                                            No. 18-cv-00222-KWR-KRS

THOMAS C. HAVEL, *et al*,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Herbert Manygoat's response to the Memorandum Opinion and Order filed April 3, 2020 (Doc. 8). Manygoat is incarcerated, *pro se*, and proceeding *in forma pauperis*. The Court construes the response as an Amended Prisoner Civil Rights Complaint. Having reviewed the filing, the Court will dismiss the amended claims with prejudice, except for new claims relating to a 2020 assault by prison guards. Manygoat may raise those new claims in a separate action.

## BACKGROUND

Manygoat originally initiated this proceeding using an outdated form habeas corpus petition. (Doc. 1) (Petition). He checked a box indicating he wishes to challenge his conditions of confinement, rather than the legality of his custody. (Doc. 1 at 1). However, the Petition appeared to raise civil rights claims under 42 U.S.C. § 1983 and claims under two habeas statutes, 28 U.S.C. §§ 2241 and § 2254. Manygoat also filed a supplement to the Petition, which raised civil rights violations alongside habeas claims. (Doc. 5). The original filings alleged San Juan County Detention Center (SJCDC) officials:

(a) Failed to follow disciplinary procedures;

(b) Placed Manygoat in lockdown and revoked privileges without due process;

(c) Accused Manygoat of committing lewd acts and disrupting operations, even though he lacks the "physical power for fights;"

(d) Dismissed the disciplinary proceeding, but failed to expunge or remedy any sanctions;

(e) Failed to treat Manygoat's leg pain, which stemmed from fractures in 1995 and 2016;

(f) Discriminated against him based on a physical disability;

(g) Interfered with his "right to use the court system;"

(h) Refused to "duplicate" or notarize legal documents; and

(i) Ignored "vital legal and medical contentions."

(Doc. 1, 5).

The original filing also challenged a 2016 state restitution judgment under § 2254, but Manygoat did not include the case number or any other details. (Doc. 5 at 2). By a ruling entered April 3, 2020, the Court dismissed the Complaint for failure to state a coherent claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and comply with Fed. R. Civ. P. 8(a). The Court granted leave to amend and instructed Manygoat to provide detailed information about "what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The ruling also stated that Manygoat must clarify whether he seeks habeas relief based on prison disciplinary proceedings or a state judgment, versus money damages under 42 U.S.C. § 1983. Manygoat was warned that the failure to timely file a single, amended complaint that complies with Rule 8 and states a cognizable claim under §

1915(e)(2)(B)(ii) will result in dismissal of this case with prejudice. Manygoat timely filed a response, (Doc. 9), which the Court construes liberally as an Amended Complaint, and the matter is ready for review.

## DISCUSSION

As the Court previously explained, plaintiffs are not permitted to file "kitchen-sink" or "shotgun" pleadings, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing incoherent pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

The Amended Complaint is nearly identical to the original pleading. Manygoat again raises a series of one or two sentence claims raising both habeas issues and civil rights violations based on: (1) the refusal to copy paperwork, (2) notarization issues, (3) the failure to treat leg pain, (4) violation of disciplinary procedures, (5) violation of disability law, (6) interference with access

to courts, and (7) unjustified lockdowns. (Doc. 9 at 1-5). To the extent the Amended Complaint provide slightly more detail than the original, it is still not enough to state a cognizable claim. For example, Manygoat alleges Officers Mejia and Donaldson "conspire[d]" to deprive him of "medical care while in jail at SJCDC" and that Donaldson told Manygoat: "every time they bring [him] to jail, [he] complains." *Id.* at 2, 4. Manygoat also alleges Officer Wilson yelled at him for taking a five-minute shower and that Mejia interfered with his right to access courts by removing pages from his mail before forwarding them to the New Mexico Supreme Court. *Id.* at 2-3. None of these allegations show how the "defendant's action harmed [Manygoat]," as required by *Nasious*, 492 F.3d at 1163 and the prior screening ruling. The most concrete allegations pertain to the outgoing mail, but Manygoat still fails to "show [the issues] … prejudiced him in pursuing" a non-frivolous legal claim. *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996) (setting forth the pleading standards for access-to-court claim). The Amended Complaint therefore violates Rule 8 and fails to state a claim under 28 U.S.C. § 1915(e), with one exception.

The Amended Complaint contains a new claim regarding an assault by Detention Officer Birchfield. (Doc. 1 at 1). Manygoat alleges that on January 29, 2020, Birchfield slammed him against the floor and broke his right elbow. Manygoat underwent surgery on February 12, 2020, where a physician placed a plate, bolts, and screws in his arm. These allegations are serious and warrant additional investigation. However, they relate to "events … that occurred years after []his action was filed and that do not concern the [original] prison" claims. *Lymon v. Aramark Corp.*, 499 F. App'x 771, 777 n. 6 (10th Cir. 2012). The "appropriate course to pursue legal redress for such matters" to "either to move to supplement the pleadings under Fed. R. Civ. P. 15(d), or to commence another action." *Id.*

4

Manygoat has not moved to supplement his original claims pursuant to Rule 15(d), and it does not appear that considering the assault claims in this action serves either the Court or Manygoat. *Pro se* litigants should generally avoid raising a meritorious claim in a "shotgun" filing that includes numerous other allegations. The Court is also not inclined to treat its cases like an open tab, where inmates can raise issues as they arise during the duration of a sentence. For these reasons, the Court will dismiss the claims relating to the January 2020 assault without prejudice and allow Manygoat to refile the claims in a new case using the Court's official § 1983 form. The Clerk's Office will mail him a copy of that document. Manygoat is encouraged to follow the form and complete each section; this will help him avoid any pitfalls relating to Rule 8 and ensure a timely review of his claims. The Court will not appoint counsel in this proceeding, as Manygoat requests, but he may renew his request for counsel in the new civil rights action.

Because this ruling dismisses certain claims without prejudice, the Court determines it does <u>not</u> qualify as a "strike" for purposes of the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(g) (noting that plaintiffs cannot proceed *in forma pauperis* if they previously filed three actions that were dismissed as frivolous, malicious, or for failure to state a claim). The Court also excuses the fact that Manygoat has not paid any portion of the filing fee in this case. If he refiles his assault-claims and seeks leave to proceed *in forma pauperis* in a new case, he will be in the same position as if he pursued the claims in this case.

**IT IS ORDERED** that the Amended Complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**, except for Manygoat's claims arising from the January 2020 assault by prison officials. The claims arising from the January 2020 assault by prison officials are **DISMISSED WITHOUT PREJUDICE TO REFILING**.

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment dismissing this civil case.

**IT IS FINALLY ORDERED** that the Clerk's Office **SEND** Manygoat a copy of the form 42 U.S.C. § 1983 complaint, so that he may refile certain claims in accordance with the above instructions.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE